# EXHIBIT 11

1

```
        D89BLAUC                    Conference
 1      UNITED STATES DISTRICT COURT
 1      SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x
 2
 3      LAURITZEN BULKERS A/S,
 3
 4                    Plaintiff,
 4
 5              v.                              13 CV 3982 (WHP)
 5
 6      JIT INTERNATIONAL CORPORATION
 6      LIMITED, and PALMAILLE
 7      HOLDINGS LTD.,,
 7
 8                    Defendants.
 8
 9      ------------------------------x
 9                                              New York, N.Y.
10                                              August 9, 2013
10                                              12:09 p.m.
11
11      Before:
12
12                        HON. WILLIAM H. PAULEY III,
13
13                                              District Judge
14
14                              APPEARANCES
15
15      HOLLAND & KNIGHT LLP
16           Attorneys for Plaintiff
16      JAMES H. POWER
17      MARIE ELIZABETH LARSEN
17
18      McLAUGHLIN & STERN, LLP
18           Attorneys for Defendant JIT International Corporation
19      Limited
19      ARMAND M. PARE, JR.
20
20      SULLIVAN & CROMWELL, LLP
21           Attorneys for Garnishee HSBC Bank
21      ALEXANDER JOHN WILLSCHER
22      MATTHEW SULLIVAN
22      BRUCE CLARK
23
24
25
                        SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                            2
     D89BLAUC                    Conference
 1              (In open court)
 2              THE DEPUTY CLERK:  This is the case of Lauritzen
 3   Bulkers against JIT International, et al.
 4              Appearances for the plaintiff.
 5              MR. POWER:  James Power of Holland & Knight.
 6              MS. LARSEN:  Marie Larsen, Holland & Knight.
 7              THE COURT:  Good morning.
 8              THE DEPUTY CLERK:  Appearance for the defendants.
 9              MR. PARE:  JIT International, Armand Paré, McLaughlin
10   & Stern.
11              THE COURT:  Good afternoon.
12              MR. WILLSCHER:  Good afternoon, your Honor.  Alexander
13   Willscher from Sullivan & Cromwell for garnishee HSBC Bank USA,
14   N.A.
15              MR. SULLIVAN:  Matthew F. Sullivan, Sullivan &
16   Cromwell, also on behalf of HSBC.
17              MR. CLARK:  Good afternoon, your Honor.  Bruce Clarke,
18   Sullivan & Cromwell, same representation.
19              THE COURT:  All right.  Good afternoon to all of you.
20   I apologize for the delay.  I set this matter down for a
21   conference in connection with HSBC's application to the Court.
22              Do you wish to be heard?
23              MR. PARE:  Your Honor, we would wish to be heard for
24   JIT.
25              THE COURT:  All right.  I assume, Mr. Willscher, that
                      SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
     D89BLAUC                    Conference
 1   you want to be heard as well.
 2                MR. WILLSCHER:  Yes.  Thank you, your Honor.
 3                THE COURT:  All right.  I'm ready to hear you now.  Do
 4   you want to take the podium?
 5                MR. WILLSCHER:  Yes.  Thank you, your Honor.
 6                Your Honor, the plaintiff has failed to show that
 7   there is any attachable property here in the Southern District
 8   of New York.  As a result, the plaintiff has failed to show
 9   what he's required to show under Rule B of the Maritime Act.
10   And as a result, the law is clear under the Second Circuit that
11   the Court should vacate the order as a result of that.
12                The plaintiff's argument comes down not to an argument
13   that there is actual physical funds belonging to the defendants
14   at HSBC USA, it's that HSBC Hong Kong has a correspondent
15   account at HSBC Bank USA and within that correspondent account
16   are intangible credits that belong to the defendants.  The
17   defendants do not have any assets here or any accounts here in
18   the United States.  It's just the nub of the case is about
19   these credits.
20                The law is clear, both New York law and the maritime
21   law here in the federal courts, that for these intangible
22   property rights, the situs of that property right is in the
23   location where the promise or the performance would be owed to
24   the defendants.  So in this case, that would be Hong Kong.  The
25   defendants have their accounts at HSBC Bank in Hong Kong.
```

4
D89BLAUC                    Conference
1   That's a completely different entity from HSBC Bank USA, here
2   in the United States, and there is no privity between the
3   defendants in Hong Kong and HSBC Bank USA here.
4           So whatever intangible rights that the defendants have
5   when they deposited their money in their bank account in Hong
6   Kong, what they're owed is a promise from the Hong Kong bank to
7   pay them back.  And that promise would be owed and it's
8   enforceable in Hong Kong.  There's no connection to this
9   district.
10          We've cited in our papers cases from the New York
11  State courts, as well as there's an excellent opinion from
12  Judge Scheindlin where she goes through this exact situs
13  analysis and finds that, in a case like this, the situs of the
14  originator's payment, or what's owed to the originator, is in
15  Hong Kong.
16          The rule that the plaintiff is asserting here would do
17  an end run around the Second Circuit's ruling from the Jaldhi
18  case a few years back.  In that case, the Second Circuit held
19  that EFTs, electronic fund transfers, are not attachable
20  property interests of the originator in a different country.
21  Part of the Second Circuit's analysis in that case was based on
22  the UCC.  And under the UCC, it's clear that EFTs are not
23  property of the originator.
24          But, in addition, the Second Circuit was quite clear
25  that the prior rule under the Winter Storm decision had wreaked
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

5
D89BLAUC                    Conference
1   havoc in this district, both for the federal courts and for New
2   York-based banks.  The Court talks extensively in that opinion
3   about how up to a third of the Southern District's docket was
4   filled with maritime actions.
5           The Court further discussed how the Federal Reserve
6   and many of the banks here in New York are very concerned
7   because the fact that EFTs were being attached meant that the
8   efficiency of the dollar clearing system through the United
9   States was imperiled and parties who were trying to make
10  payments had no certainty about whether their payments would go
11  through and the parties also had no certainty about where in
12  the world they should be sued if there was going to be some
13  sort of litigation against them.
14          So based on that, the Second Circuit took the rather
15  extraordinary step of reversing itself from an opinion just a
16  few years before and EFTs are now clearly not attachable
17  property in maritime rules.
18          And the rule that the plaintiff is asserting here
19  would go even a step further from the Winter Storm rule.
20  Because in Winter Storm it was just EFTs that we were talking
21  about.  Here, what the plaintiff essentially is saying is that
22  any time there's a non-U.S. bank that holds a correspondent
23  account in New York, then by virtue of that and by virtue of
24  the intangible credits that all of that bank's customers would
25  have back in the home country, that a plaintiff here in a
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

6

```
        D89BLAUC               Conference
 1   maritime action could have access to attach all of the assets
 2   not only of the non-U.S. bank, but also all of its customers.
 3           So that is even a step well beyond the Jaldhi case and
 4   it puts non-U.S. banks in a very difficult position because, as
 5   the papers from the defendant JIT here indicate, HSBC Hong Kong
 6   is in a position where it's being forced-- it's caught between
 7   a rock and a hard place.  Because the Court's order is here
 8   directing HSBC Hong Kong to freeze the assets of the defendant,
 9   but HSBC Hong Kong is of the view that there is no quasi in rem
10   jurisdiction here because there is no property belonging to
11   defendants in New York so the Court should vacate the order.
12           Unless the Court has any questions --
13           THE COURT:  I think I understand your arguments, Mr.
14   Willscher.  Thank you.
15           MR. WILLSCHER:  Thank you, your Honor.
16           THE COURT:  Mr. Paré.
17           MR. PARE:  Thank you, your Honor.  I represent JIT
18   International.
19           The Court has given an at bat to the plaintiff on this
20   maritime attachment, and by my count there are at least six
21   outs.  First of all, the facts are pretty clear.  The banks
22   have said that they have no account, they have no sub account
23   here for the defendants at all.  JIT International itself has
24   provided papers that indicate all it has is a bank account in
25   Hong Kong.  And, in fact, that account is in both U.S. dollars,
```

7

D89BLAUC                    Conference
1    Australian dollars and Hong Kong dollars.  And every one of
2    those amounts has been frozen by the bank in Hong Kong.  In
3    addition to the papers I've received now, a confirmation from
4    my client that a letter was sent by HSBC Hong Kong confirming
5    to them, to JIT, that their account is frozen and all of its
6    accounts, all of its assets in Hong Kong.
7              So the facts are that there is no money here in the
8    district.  And by that reason alone, this case should be
9    dismissed and the attachment should be vacated.
10             The second --
11             THE COURT:  What's the size of the balances that have
12   been frozen in --
13             MR. PARE:  Your Honor, that's in the papers.  It was
14   60,000 U.S. dollars.  And it's in the declaration of Zhang Hui.
15   And it shows, in paragraph 7, 52,000 Hong Kong dollars; another
16   290 Hong Kong dollars; 1,464 Australian dollars; 300,000 Hong
17   Kong dollars; and 60,734 U.S. dollars.  And I understand that
18   the plaintiff has also attached elsewhere $600,000 of funds I
19   think from some other country.
20             So the first point, of course, is that there's just no
21   money here.  That, alone, is a reason why the attachment
22   should be dismissed.  The plaintiff has that burden; it's
23   failed.
24             The second point is the Jaldhi point.  And the Jaldhi
25   case sends a clear message to this Court, to maritime
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

8

D89BLAUC                    Conference
 1   litigants, that the Court is not going to entertain these
 2   international attachments.  I mean, this case, what they've
 3   done is frozen an account in Hong Kong.  The message, I
 4   believe, from Jaldhi is clear.  This is a novel theory.
 5   Maritime attachments have been around for two hundred years.
 6   There's not a single precedent on this.  This case should be
 7   dismissed for that reason alone.
 8              The third point, of course, is Shaffer v. Heitner.
 9   Shaffer v. Heitner is a Supreme Court case that says that there
10   has to be a purposeful availment by the defendant of the
11   jurisdiction, even a quasi in rem case.
12              And in this case, even if HSBC Hong Kong and New York
13   got together and do some kind of accounting in New York, even
14   if they have dollars here in New York for the defendant, which
15   they don't, the defendant itself has no knowledge of that and
16   has not purposefully availed itself of the jurisdiction.  And
17   under that core principle of Shaffer v. Heitner, the
18   defendant's property should not be subject to attachment.
19              The fourth point is the branch banking rule of New
20   York, pursuant to which even if you attach a branch, one branch
21   in the district, that does not reach funds in another branch,
22   even in the district or outside the district, of course.  In
23   this case, not only has it gone beyond a branch and beyond the
24   district, it's gone to Hong Kong.
25              So under the branch banking rules alone, that's a
                   SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

9

D89BLAUC                    Conference
1   reason why the attachment it has frozen to defendant's account
2   in Hong Kong should be vacated.
3           And if I may just add, put a fine point on that, your
4   Honor's order in the third from last paragraph states that
5   HSBC, which seems to be defined as being the Hong Kong bank,
6   must attach up to $20 million.  And it has taken that literally
7   and it has done that.
8           The fifth point, of course, is the indemnity ruling.
9   And this, of course, is relevant in this case because in this
10  case, this all involves a cargo damage claim.  All we know is
11  that there's a claim.  All we know is it's a claim for $20
12  million.  The details of that are unknown.
13          The Lauritzen -- the defendant, has not paid that
14  amount.  In fact, it's been claimed against them by the
15  shipowner, and the shipowner hasn't paid that amount to cargo.
16  So we have a double chain of indemnity claims here.  Under the
17  indemnity rule of Greenich Lerain (ph), that cannot be the
18  basis on which an attachment should issue.
19          As a further refinement of that, the corollary to the
20  indemnity rule by three cases in this Court is that if you have
21  an Inter-Club Agreement, as we have here, there is further no
22  basis for a maritime attachment.  In fact, the charter party
23  says, in clause 55, that the amount has to have been paid.  It
24  hasn't been paid.  The Inter-Club Agreement says it has to have
25  been settled and paid.  And only the amount that has been, in
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

10

D89BLAUC                    Conference

1    fact, borne by the party seeking indemnity can be claimed for.
2    None of these have been satisfied.  This is a further reason
3    why this attachment should be vacated and there's no basis for
4    it.
5              So, your Honor, in conclusion, we would ask that the
6    HSBC, especially HSBC Hong Kong, be directed to release the
7    funds from attachment as they have, in fact, frozen it.
8              Thank you.
9              THE COURT:  All right.  Thank you, Mr. Paré.
10             Do you wish to be heard, Mr. Power?
11             MR. POWER:  Yes, your Honor.
12             Your Honor, may I present a document which was handed
13   to me?  It's a letter from HSBC to Mr. Xu Dapeng, who is the
14   sole shareholder of JIT, dated June 24, 2013, stating that "As
15   a result of the attachment of the correspondent account in New
16   York, HSBC has restrained the defendant's, JIT's, funds," which
17   I don't believe was included in our papers and we just received
18   this today.
19             THE COURT:  I'm accepting the letter and the record
20   should reflect it's been handed up.
21             MR. POWER:  Your Honor, plaintiff, who has sought and
22   obtained an attachment order from this Court based upon, we
23   believe, suitable and overwhelming evidence, that in fact had
24   proved true, and I will explain why, that the defendant, JIT,
25   as well as the related company and paying agent, Palmaille

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

11

D89BLAUC                    Conference

1   Holdings, maintains U.S. dollar accounts at HSBC whereby the
2   credits associated with those accounts are located in New York
3   and, in fact, attachable by serving a Rule B attachment on the
4   New York-located correspondent bank HSBC USA.
5           In our moving papers, including our memo of law, which
6   has not been objected to here, the case of Cargill -- Cargill,
7   which is 70 A.D.3rd 456.  Cargill stands clearly for the
8   proposition that the funds maintained by a foreign bank in a
9   New York correspondent account are funds for the benefits of
10  its foreign customers.
11          We alleged, and we believe we did show in our moving
12  papers, that some portion of the funds within HSBC's New
13  York-located correspondent account are held for the benefit of
14  not only the defendant JIT, but the defendant and paying agent
15  Palmaille Holdings.
16          THE COURT:  Isn't this a common banking relationship
17  for foreign banks?
18          MR. POWER:  Well, I mean --
19          THE COURT:  The correspondent bank relationship, isn't
20  it a common relationship?
21          MR. POWER:  Yes, a correspondent bank is a
22  relationship.  I don't have any numbers on whether it's common
23  or not common, but it is a relationship by contract.
24          THE COURT:  Okay.  So you don't know whether it's
25  common for foreign banks to have a correspondent relationship

12

D89BLAUC                    Conference
1    with a bank in the United States?
2              MR. POWER:  Well, I could tell you what is necessary.
3    If a foreign bank who wants to make --
4              THE COURT:  No, I didn't ask you what's necessary.  I
5    asked you whether you understood that it was a common
6    relationship.
7              MR. POWER:  I understand that if a foreign bank wants
8    to maintain credits in the United States in U.S. dollars, it
9    needs to have a U.S.-based correspondent account.  For a
10   foreign bank who does not want to maintain credits of its
11   foreign customers, it does not need to have-- in U.S. dollars,
12   it does not need to have a correspondent banking relationship.
13             Once we obtained the order from this Court, we did
14   serve garnishee HSBC USA who, in turn, as per the requirements
15   of the order, restrained $20 million of HSBC's funds located in
16   New York.  HSBC, in turn, as evidenced by this letter, which is
17   very clear, restrained the New York-located credits of its
18   customer JIT International, thereby proving exactly our point
19   that the credits associated with the HSBC New York account
20   were, in fact, held for the benefit of its customer JIT and
21   Palmaille.
22             What is interesting here is -- and, again, I think
23   this Court cannot and should not accept the submission by JIT
24   of-- let me see if it's a statement or if it's a sworn
25   affidavit.
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

13

D89BLAUC                        Conference
1           THE COURT:  It's a declaration.
2           MR. POWER:  It's a declaration.  The declaration
3   merely states it's an employee of.  There is no foundation as
4   to whether that employee has any knowledge whatsoever of the
5   account that was formed at HSBC, whether or not it has any
6   knowledge of what the individual who set up the account at HSBC
7   understood he was getting into, whether or not they actually
8   signed the contract.
9           In fact, the letter from HSBC, which was disclosed
10  only to me today, despite this matter has been pending for more
11  than two months, was a clear indication that HSBC sent a letter
12  to Mr. Xu Dapeng.  He is the sold shareholder of JIT.  He is
13  probably the only signatory to this account.  He is probably
14  the only person in the world who knows why he set up this
15  account.  He is probably the only person who can tell this
16  Court whether or not he intended to subject himself to
17  jurisdiction of the United States, whether he knew he was when
18  he was signing the contract, and whether or not he had any idea
19  that he could be hailed into court here today.
20          So the declaration submitted by JIT holds no value and
21  should not be given any weight.  Because, again, it even fails
22  to identify that this person, by its own expressed terms of
23  that declaration, has any knowledge whatsoever of this account.
24  I mean, I would have clearly assumed that if HSBC wanted to
25  inform JIT that its funds had been restrained, they would have
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

14

D89BLAUC                    Conference
1    sent this to the person who knows about the account and the
2    account holder, and that's Mr. Xu Dapeng. And I believe he is
3    also the shareholder of Palmaille Holdings, and I can confirm
4    that. But certainly they sent it to an address, as stated in
5    our complaint, which is the same address as Palmaille Holdings.
6            What is conspicuously absent here is HSBC and
7    Palmaille Holdings, interestingly enough. I believe JIT took
8    the calculated risk of coming here, knowing that $60,000 was
9    restrained in New York of its credits. And then we don't know
10   whether it was by operation of contract.
11           Again, HSBC's counsel -- HSBC USA's counsel, who came
12   here before you today, did offer up some suggestions and
13   perhaps some of their own opinions as to what HSBC did or
14   didn't do or was thinking, but yet there is no representative
15   or no counsel for HSBC here. HSBC is a party whose account has
16   been restrained, yet they have not appeared. HSBC is a party
17   who restrained funds, credits that we say are located in the
18   United States of the defendant, yet HSBC is not here to explain
19   why they did that. We only have JIT, who suggests that they
20   know why HSBC restrained funds. We also have HSBC's U.S.
21   counsel who is here suggesting that they know why HSBC did
22   anything.
23           Now, certainly we did request in a letter to the Court
24   that discovery is certainly appropriate, we believe, but also
25   necessary in light of the absence of HSBC and, I believe, in

15

D89BLAUC                    Conference
1    light of the absence and, in fact, of this most recent letter
2    that was produced and handed up to your Honor today, dated June
3    24th, which states, "Dear Sirs" -- and this is from HSBC to
4    JIT.  And this is Mr. Xu Dapeng, who's the sole shareholder, as
5    alleged in our complaint, of JIT.  And, again, we can all--
6    it's likely, but we don't know, we'd like to find out, but he's
7    probably the sole signatory of this account and, therefore, the
8    only person who can answer questions about this account.
9              "We enclose a copy of the writ of attachment and
10   garnishment naming your company as one of the defendants.  We
11   trust you would seek independent legal advice to protect your
12   interests in this matter.  As a result of these U.S.
13   proceedings, your account with us is now frozen."
14             Now, I suggest that they're saying your account with
15   us -- it doesn't say your Hong Kong account with us.  We have
16   no evidence that this account is in Hong Kong.  No one stated
17   that.  We don't know where he opened up this account.  We don't
18   know whether or not this account is accessible from multiple
19   locations.  This is information that is absolutely necessary,
20   particularly if the Court is going to-- would entertain -- if
21   we're going to entertain the representations that are
22   unsupported by HSBC USA's counsel and also by JIT.
23             I would also assume -- and perhaps JIT's counsel,
24   who's sitting here, could offer more information in this
25   regard, whether or not a very similar letter from HSBC was sent

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

16

D89BLAUC                     Conference
1    to Mr. Xu Dapeng in his capacity as owner of Palmaille, also
2    stating that funds of Palmaille have been restrained.
3              That is a question we've been asking.  HSBC USA's
4    counsel has told me they don't know.  So if they don't know,
5    the people who are going to know are HSBC, who's not here, who
6    has a right to come here, as well as Palmaille.
7              There was a recent case--
8              THE COURT:  Do you--
9              MR. POWER:  We had a hearing on --
10             THE COURT:  Excuse me, Counsel.  Do you contend that
11   HSBC's Hong Kong account is not located in Hong Kong?
12             MR. POWER:  Your Honor, I don't have any information
13   of where that account is located.  My allegation, which I
14   believe --
15             THE COURT:  Well, let me ask you this:  Do you have
16   say evidence to suggest that the HSBC Hong Kong account is
17   located in this district?
18             MR. POWER:  I have evidence-- not-- okay.  The
19   account?  I don't know where the account is located.  I don't
20   know if the account is in this district.  But what I am saying
21   by way of what happened here, as well as the premises that were
22   found in the Cargill case, the attachable beneficial interest
23   associated with the funds contained in New York -- which are of
24   a beneficial interest to the defendant -- are taxable here.
25   That's the one thing that is-- that is the only important thing
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

17

D89BLAUC                     Conference
1    that I think this Court needs to deal with this point in time.
2              And I think the letter from HSBC, which, again, was
3    just disclosed, dated June 24, 2013, stating that as a result
4    of the attachment over HSBC's correspondent account, HSBC
5    restrained the credits associated with that account for this
6    defendant.  It doesn't say where the credits-- it doesn't say
7    their account in Hong Kong.  It doesn't describe that.
8              Now, perhaps if we had some information from JIT,
9    which they could have produced, but they chose not to, and
10   again perhaps because they're the declarant, the witness, who
11   doesn't even identify its capacity at JIT, has no knowledge of
12   the documentation that was used to set up these accounts.
13             There are other cases, and I would suspect --
14             THE COURT:  Has the Second Circuit ever held that this
15   sort of attachment is appropriate?
16             MR. POWER:  The Second Circuit has not held-- the
17   Second Circuit has not ruled one way or the other whether this
18   sort of attachment is appropriate.  In fact, however, the
19   Second Circuit --
20             THE COURT:  So the answer to my question is no?
21             MR. POWER:  The Second Circuit in a maritime --
22             THE COURT:  Is the answer to my question no?
23             MR. POWER:  The Second Circuit has not ruled on a
24   correspondent bank attachment.  However, the Second Circuit,
25   it's clear, and we've cited in our letter, there is
                   SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

18
D89BLAUC                         Conference
1   overwhelming precedent that the Second Circuit under maritime
2   law takes a very broad view of an attachable interest, and that
3   can be an contingent interest.  And that is precisely the
4   interest which we believe is located in New York that is the
5   beneficial interest that is maintained by HSBC for this
6   particular defendant.  And HSBC could not have attached and
7   restrained the funds, as this letter indicates, unless there
8   was in fact a beneficial interest located in New York for this
9   defendant.
10              We think this letter is proof positive that what we
11  have alleged is exactly the case, exactly what the case is.
12  That when a foreign bank opens up a New York correspondent
13  account and fills it with the credits of its customers,
14  including this defendant here, JIT, such that when and if an
15  order of instruction is given to the bank to make a payment, it
16  has the capability to do so, that account and those beneficial
17  interests are, in fact, 100 percent attachable under Second
18  Circuit law.  Absolutely.
19              THE COURT:  All right.  Anything further, Mr. Power?
20              MR. POWER:  Your Honor, we recently-- because HSBC is
21  not here, whose account, it's in their name, we have a similar
22  case before Judge Furman, which we had a case earlier this week
23  in which -- a very similar situation where the correspondent
24  bank showed up, couldn't offer any actual statements or
25  knowledge contrary to our allegations in our complaint.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

19
```
     D89BLAUC                     Conference
 1        The Judge found that it was appropriate to issue an
 2   order transferring the funds of the foreign bank that were
 3   restrained here into the Court's registry until such time as
 4   that foreign bank or the ultimate defendants appeared and put
 5   forth sufficient proof showing that the funds could not and are
 6   not attachable because they are in no way for the benefit of
 7   the defendant.  So that order was submitted and I believe it
 8   was signed.
 9        So that would be very appropriate, we believe, in this
10   case.  We don't want HSBC USA, who hasn't offered much in terms
11   of description to the Court on what actually they looked at.
12   There's no evidence that they even talked to HSBC.  We don't
13   see any e-mails.  We know they didn't present the contract.  So
14   there's really nothing other than they say we can't tell
15   whether or not funds of the ultimate defendant are within the
16   HSBC account.
17        However, it's clear that whatever they did --
18        THE COURT:  But JIT is here in this proceeding, aren't
19   they?
20        MR. POWER:  Well, they are, but --
21        THE COURT:  Isn't that totally different than the
22   situation that was before Judge Furman?
23        MR. POWER:  Well, it's different because one of the
24   two defendants has showed up.  Palmaille is here.  Now, I
25   suspect that Palmaille, the attachment over the Palmaille HSBC
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

20
D89BLAUC                    Conference

```
 1   account, just like -- I'm pretty sure there was the same letter
 2   probably sent the same day to the same person, just addressed
 3   to Palmaille.  We believe based on prior records that we have
 4   already received that have been produced from HSBC USA showing
 5   all of the U.S. dollar transactions of Palmaille and the
 6   defendant JIT, and right before this attachment there were
 7   numerous-- there was significant activity arising from these
 8   accounts.  Therefore-- and the bulk of the transactions, as we
 9   allege in our complaint, this particular defendant has
10   transferred over its operations and is allowing Palmaille, its
11   related entity, to accept higher and pay higher on its behalf
12   to avoid this type of action.
13            And we believe that Palmaille has the bulk of the
14   funds restrained and, therefore, it's quite strategic to have a
15   party that has little or no interest, even if they basically
16   were found to have-- even if, after all this is said and done,
17   their $60,000 is required to be staying here, they have no real
18   skin in the game.
19            But Palmaille, who we believe has more money,
20   significant amount of money attached, by reason of the same
21   letter that HSBC sent to JIT --
22            THE COURT:  Do you have any facts to support that kind
23   of speculation?
24            MR. POWER:  Yes, I do, your Honor.
25            THE COURT:  Like what?
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

21
```
        D89BLAUC                    Conference
1               MR. POWER:  I have wire transfer information that I
2       obtained from Court order showing that the account maintained
3       by Palmaille at HSBC USA had significant, hundreds of thousands
4       of dollars of transfers, right before it.  So there is
5       significant evidence, there is evidence that supports --
6               THE COURT:  When?
7               MR. POWER:  When?  Days before transactions.  I mean,
8       I have spreadsheets.  I can submit them to this Court.  HSBC
9       USA, Mr. Willscher, produced them to me.  So he's very aware of
10      the transactions that I'm talking about.
11              What we don't have is the dollar amount in the
12      account, and that's all we've asked HSBC USA to describe to us.
13      They refuse to tell us.  JIT, who appears only for JIT,
14      although I suspect, since they're at the same address and it's
15      the same shareholder, that JIT could probably reach out and
16      find out how much money is restrained in the Palmaille account
17      at HSBC.  Or HSBC USA might be able to tell us what their
18      related company -- whether HSBC sent a very similar letter to
19      Palmaille and how much money is restrained.
20              But this is clearly an empty chair scenario, where two
21      parties that have little stake in this claim have come here
22      with little or no support of what HSBC has done.  We have a
23      declaration.  Again, I've never seen a declaration of an
24      employee.  It says "employee."  It didn't even state what their
25      capacity was.  I suggest that that employee, upon examination,
```

D89BLAUC                    Conference
1    which I would think I would have a right to do if they're
2    submitting a declaration, that employee would have no knowledge
3    whatsoever of what went on and how this account was set up and
4    what is the correspondent account, where it is, and who was
5    subjecting themselves to U.S. jurisdiction or not.
6               THE COURT:  Are you done?
7               MR. POWER:  Yes, your Honor, I'm done.
8               THE COURT:  Thank you.
9               Mr. Willscher, do you want to be heard?
10               MR. WILLSCHER:  Thank you, your Honor.  I think
11    several points bear correction after hearing Mr. Power.
12               First, with respect to the letter that he submitted to
13    the Court, I mean, just to be clear, this is a letter from HSBC
14    Hong Kong, not HSBC U.S.  They are two totally different
15    entities.
16               Mr. Power just made a statement that this letter
17    couldn't have been sent unless his legal theory is correct that
18    the credits in the correspondent account here in the U.S.
19    belonged to the defendants.  That's just not the case.  The
20    reason why HSBC Hong Kong garnished that money is because the
21    Court ordered it.
22               If you look at the Court's order, page 4 of the order
23    that the Court signed on the 12th of June, the penultimate
24    paragraph says:  "Order:  HSBC Bank" -- which the Court
25    previously defined as the Hong Kong entity -- "as garnishee
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

23

D89BLAUC                    Conference
1    shall immediately restrain funds of defendants JIT and
2    Palmaille Holdings up to the amount of $20 million."
3            Now, to be clear, this is not a concession that HSBC
4    Hong Kong thinks that any of the legal theories are correct or
5    that there's even jurisdiction over HSBC Hong Kong.  What it
6    does indicate is a prudent decision by an entity that they
7    don't want to prejudge the case and to wait for the Court to
8    hear argument and decide.
9            In addition, Mr. Power made a lot about the empty
10   chair scenario; that HSBC Hong Kong is not here today.  The
11   simple fact is, is that they have not been served.  The only
12   service that Mr. Power attempted to do was by serving HSBC Bank
13   in the U.S.  And his hook into that is to say that, well, under
14   the Patriot Act, which is a totally different provision
15   directed just for law enforcement, under the Patriot Act HSBC
16   Hong Kong has designated HSBC Bank U.S. as its service agent.
17   But we cite in our papers a decision from the district court in
18   the District of Columbia where they make clear that that
19   jurisdictional provision, that service provision, is just for
20   law enforcement.  It's not for private litigants.  There hasn't
21   been any service here and that's why HSBC Hong Kong is not
22   before you today.
23           Mr. Power also mentioned the Cargill case from the
24   First Department.  And, respectfully, I think he misstates the
25   holding of that case.  Just a little bit of background I think
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

24

```
        D89BLAUC                Conference
 1  would be helpful there.  In that case, there was a Ukranian
 2  bank that held a correspondent account in the United States.
 3  And that bank was the actual judgment debtor.  And so a party
 4  sought to attach that bank's correspondent account in the
 5  United States.  An official of that Ukranian bank submitted a
 6  declaration, a self-serving declaration, saying to the Court,
 7  Please don't attach all of our funds here because some of these
 8  are for the benefit of our customers.
 9            And so both the trial court and the First Department
10  said we are not going to issue a broad attachment order in this
11  case because correspondent banking is very important to New
12  York State and we're not going to overdo it with the attachment
13  here because there's an affidavit saying that some of these
14  funds belong to the beneficiaries, the actual customers.  We're
15  not going to issue a very sweeping order.
16            The Court did not consider the issue of law here that
17  we're talking about.  It didn't consider any of the issues of
18  credits.  It didn't consider the issue of the situs of an
19  intangible property right, which Mr. Power had the opportunity
20  when he stood up here to talk about that or any of the cases
21  and there was no discussion of that.  I think that he's
22  conceded now that the law is clear on the situs point; that an
23  intangible property right, the situs belonged in Hong Kong.  So
24  the Cargill case I think really is inapposite here.
25            Next, Mr. Power I think confused issues on where
```
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

25

D89BLAUC                    Conference

1    accounts are located and who is where.  He cited that confusion
2    as a reason to have discovery in this case.  Respectfully, this
3    issue should be decided simply as a matter of law.  Discovery
4    isn't going to advance the ball here at all.  There's already
5    HBUS, HSBC Bank USA, has already submitted two declarations to
6    the Court.  They are clear on any points that he's raised.
7    They're clear that funds were never in the United States that
8    belonged to the defendants.  There were never funds that were
9    moved out of the United States, as he accused HSBC of doing.
10   There are no sub accounts for the defendants in the HSBC Hong
11   Kong correspondent account in the United States.  That's all
12   clear.
13           Another thing Mr. Power said he was unsure about is
14   where the defendant JIT account is located.  And, again, there
15   is a declaration from someone at JIT saying that there is an
16   account in Hong Kong.  This is paragraph 2 of the declaration,
17   says JIT maintains a bank account in Hong Kong with HSBC Hong
18   Kong.  So it's clear the JIT bank account is located here and
19   there is no JIT account in New York.
20           And then, finally, your Honor, two last points.
21   Mr. Power made a point about the various documents that I
22   produced to him on behalf of my client indicating that there
23   have been payments, electronic fund transfers, to Palmaille in
24   Hong Kong.  Respectfully, I don't know exactly what the
25   significance of that is.  Those are electronic fund transfers.

26

D89BLAUC                    Conference
1   They clearly would not be attachable in a maritime action and
2   they don't speak to the question here of whether the defendants
3   have property in New York, as clearly they don't.
4            The final point is just Mr. Power's statement about
5   the proceeding before Judge Furman last week.  I understand in
6   that case that Judge Furman entered an order in which he
7   allowed the Bank of New York, which was the intermediary bank
8   in New York, to exit the case.  I wasn't at that proceeding.
9   I've spoken to the counsel for Bank of New York, and my
10  understanding is that Judge Furman appreciated that there was a
11  burden being placed on the intermediary bank to appear at this
12  proceeding.  And so he offered the Bank of New York an out and
13  said you can be out of this proceeding, just surrender the
14  restrained funds to a Court account and then we'll go on from
15  there.  And Bank of New York took him up on that offer.
16           But one thing that's clear about that is that Judge
17  Furman did not think that there was any need for discovery.  He
18  let Bank of New York go at that point and there was no need to
19  be deposing people from Bank of New York about their
20  correspondent banking relationships or their relationships with
21  their customers overseas.
22           Thank you, your Honor.
23           THE COURT:  Thank you.
24           Mr. Paré.
25           MR. PARE:  Your Honor, I'll be brief.  There's no
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

27

```
          D89BLAUC                    Conference
 1   argument about the indemnity rule.  There's no argument about
 2   the branch banking rules.  There's no argument about Shaffer v.
 3   Heitner.
 4            On the question of 'Where are the funds and are there
 5   any funds in Bears in New York?' the plaintiff bears the burden of
 6   proof.  Plaintiff has submitted nothing to show there's any
 7   money in New York.  And it somehow mysteriously wants to show
 8   that this letter, which is from HSBC Hong Kong, it somehow
 9   shows a credit in New York.  I don't get that argument, so I
10   can't respond to it any more than that.
11            But the affidavit is crystal clear that the account is
12   in Hong Kong, it's at Queens Road in Hong Kong, and that they
13   have no connection with any bank in New York.  The plaintiff
14   has failed to fulfill its burden of proving there are funds
15   here in the district.  And for that reason alone, the entire
16   case and the order of attachment should be vacated.
17            THE COURT:  All right.  The garnishee bank HSBC USA
18   and the defendant JIT International move to vacate this Court's
19   June 12, 2013 maritime attachment order, which requires HSBC
20   USA to restrain $20 million in the correspondent bank account
21   of its customer The Hong Kong and Shanghai Banking Corporation
22   Limited.  That order also required HSBC USA to determine what
23   funds in the correspondent account belong to defendant JIT
24   International.
25            "If, at any point, a plaintiff in a maritime
```

D89BLAUC                    Conference

 1    attachment case ceases to be able to satisfy the requirements
 2    of Rule B -- and indeed should -- revisit and vacate any orders
 3    of attachment."  Sinoying Logistics PTE Limited v. Yi Da Xin
 4    Trading Corp., 619 F.3rd 207 at 212, (Second Circuit 2010).
 5    Plaintiff is under a continuing burden to demonstrate that
 6    defendant's property can be found within the district.  See
 7    Shipping Corp. of India Limited v. Jaldhi Overseas Partners
 8    Limited, 585 F.3rd 58 at 69 (Second Circuit 2009).
 9              Plaintiff argues that it should be permitted to attach
10    assets from HSBC Hong Kong's correspondent account with HSBC
11    USA because that account is held for the benefit of JIT
12    International, but that argument sweeps too broadly.  By
13    plaintiff's logic, certain accounts can be attached simply
14    because a domestic bank has a relationship with a foreign bank
15    and that foreign bank holds an account for a defendant.  The
16    Second Circuit forbids this kind of overreaching because, among
17    other concerns, it would threaten "New York's standing as an
18    international financial center," quoting Shipping Corp. of
19    India V Jaldhi at 71.
20              In any event, it's not necessary for this Court to
21    decide whether attachment can extend to a defendant's
22    beneficial interest in correspondent bank accounts.  Here, HSBC
23    USA has declared that it holds no accounts in JIT's beneficial
24    interest and JIT has declared that it has no property in the
25    district.  Plaintiff's speculation to the contrary does not

29

```
         D89BLAUC                      Conference
 1      satisfy the requirements of Rule B.  Accordingly, this Court
 2      vacates its June 12, 2013 maritime attachment order.
 3               This constitutes the ruling of this Court and I'll
 4      enter an order on the docket later today.
 5               Anything further?
 6               MR. POWER:  Yes, your Honor.  I would like to place my
 7      objection.  Your order stated that this was going to be a
 8      status conference.  Under the rules, E(4)(f) in particular, a
 9      party claiming an interest in the property has a right to
10      appear.  We have a right to submit full briefs in that regard,
11      which we have not been able to do here.
12               Also, I believe that we have a right to immediate
13      interlocutory appeal, pending -- which we would ask your Honor.
14      There is a ten-day stay in place automatically under the rules.
15      That HSBC USA cannot release any of these funds, nor HSBC --
16      which it's clear it has restrained the funds -- until such time
17      as an appeal is sought.  And we would ask your Honor for an
18      additional stay pending an appeal.
19               THE COURT:  First of all, I've listened to your
20      arguments at great length today.  You've had an opportunity.
21      And when I recognize that I've made a mistake, I want to cure
22      it as quickly as I can.  So you can take it all up with the
23      Second Circuit.  I'm not granting any further stays than that
24      permitted by statute.
25               Anything further?
```

```
        D89BLAUC                    Conference
 1                MR. WILLSCHER:  No, your Honor, thank you.
 2                THE COURT:  Have a good afternoon.
 3                MR. POWER:  Thank you, your Honor.
 4                (Adjourned)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

**EXHIBIT 12**

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

ATTORNEYS FOR PLAINTIFF
LAURITZEN BULKERS A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURITZEN BULKERS A/S,

                Plaintiff,

       -against-

JIT INTERNATIONAL CORPORATION
LIMITED, and PALMAILLE
HOLDINGS LTD.

          Defendants.

Civil Action No. 13-CV-3982 (WHP)

**NOTICE OF APPEAL**

     **PLEASE TAKE NOTICE THAT** that Lauritzen Bulkers A/S ("Lauritzen"), Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order dated August 9, 2013, as well as all adverse rulings subsumed therein.

Dated: New York, New York
          August 19, 2013

                              HOLLAND & KNIGHT LLP

                    By:    _James H. Power_____

                              James H. Power
                              Marie E. Larsen
                              31 West 52nd Street
                              New York, NY  10019
                              Tel: (212) 513-3200
                              Fax: (212) 385-9010
                              james.power@hklaw.com
                              marie.larsen@hklaw.com
                              *Attorneys for Plaintiff Lauritzen Bulkers A/S*

TO:     Alexander J. Willscher, Esq.
          Matthew F. Sullivan, Esq.
          Sullivan & Cromwell, LLP
          125 Broad Street
          New York, NY 10004
          *Attorneys for Garnishee HSBC USA, N.A.*

          Armand M. Paré, Esq.
          Nourse & Bowles, LLP
          One Exchange Plaza
          New York, NY 10006
          *Attorney for Defendant, JIT International Corporation Limited*

.

**EXHIBIT 13**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand and ten.

Before:    Peter W. Hall,
             *Circuit Judge.*

Front Carriers Ltd.,

             *Plaintiff-Counter-Defendant-Appellant,*

    v.                                              **ORDER**
                                                    Docket No. 10-484

Transfield ER Cape Ltd.,

             *Defendant-Counter-Claimant-Appellee.*

IT IS HEREBY ORDERED that the motion by Appellant Front Carriers Ltd. for a stay of execution pending appeal of the order of the Hon. Richard J. Sullivan filed on January 28, 2010 in docket no. 07-cv-6333 in the District Court for the Southern District of New York will be determined by a motions panel as soon as possible. The order is stayed pending determination of the motion by the panel.

                              FOR THE COURT,
                              Catherine O'Hagan Wolfe,
                              Clerk

                              Joy Fallek, Administrative Attorney

# EXHIBIT 14

Home    PACER    Opinions     Help

# General Docket
## US Court of Appeals for the Second Circuit

Second   Circuit Court of
        Appeals

                                                INDIV

                                                CLOSED

Court of Appeals Docket #:        07-4193-cv
Nsuit : 3120           CONTRACT-Marine

Centauri Shipping Ltd. v. Western Bulk        Filed   9/18/07
Carriers KS

Appeal      SDNY (NEW YORK CITY)
from:

Case type information:

     Civil

      Private

      None

Lower court information:

    District:       07-cv-4761

    Trial Judge:   Richard J. Sullivan

·   MagJudge:

    Date Filed:      06/05/07

    Date order/judgement:     9/12/2007

    Date NOA filed:  9/17/2007

Fee status: Paid

Panel Assignment:

Panel: CJS   SS    DAL    500 Pearl

Date of decision:         4/20/09

Prior cases:  NONE

Current cases NONE

Official Caption 1/
☐                                             INDIV

```
                                        CLOSED

----------------------------------------
Docket No. [s] : 07-4193 -cv

Centauri Shipping Ltd.,

        Plaintiff-Appellant,

v.

Western Bulk Carriers KS,
Western Bulk AS,
Western Bulk Carriers AS,

        Defendants-Appellees.

----------------------------------------


Authorized Abbreviated Caption 2/
----------------------------------------
Docket No. [s] : 07-4193 -cv

Centauri Shipping Ltd.  v.  Western Bulk Carriers KS
----------------------------------------


-------------------------------------------------------
------------------
1/ Fed. R. App. P. Rule 12 [a] and 32 [a].
2/ For use on correspondence and motions only.

Docket as of   January 20, 2010   1:33 am          Page    2

□                                                  INDIV

                                                   CLOSED

Centauri Shipping Ltd.        Kirk M.H. Lyons Esq.

Plaintiff-Appellant           [ LD ret ]
                              Lyons & Flood LLP.

                              65 West 36th Street 7th Floor
                              New York , NY , 10018

                              212-594-2400

Western Bulk AS               Patrick F. Lennon Esq.

Defendant-Appellee            [ LD ret ]
                              Lennon, Murphy & Lennon, LLC

                              420 Lexington Avenue  suite 300
                              New York , NY , 10170

                              212-490-6050
```

Western Bulk Carriers AS          Patrick F. Lennon Esq.(See
                                  above)
Defendant-Appellee                [ LD ret ]

Western Bulk Carriers KS          Patrick F. Lennon Esq.(See
                                  above)
Defendant-Appellee                [ LD ret ]

Docket as of    January 20, 2010   1:33 am              Page   3

☐          ,                                            INDIV

                                                       CLOSED

Docket as of    January 20, 2010   1:33 am             Page   4

☐                                                       INDIV

                                                       CLOSED

    9/18/07   Copy of notice of appeal and district court
              docket entries on behalf of  APPELLANT
              Centauri Shipping Ltd.,  filed.   [Entry
              date Oct  3 2007  ]  [EM]

    9/18/07   Copy of district court order dated 9/12/07
              RECEIVED.   [Entry date Oct  3 2007  ]  [EM]

    9/18/07   Index in lieu of Record on Appeals
              Electronically Filed  (Original documents
              remain in the originating court).
                 [Entry date Oct  3 2007  ]  [EM]

    9/26/07   APPELLANT    Centauri Shipping Ltd.,  Form C
              filed, with proof of service.   [Entry date
              Oct  3 2007  ]  [EM]

    9/26/07   APPELLANT    Centauri Shipping Ltd.,  Form D
              filed, with proof of service.   [Entry date
              Oct  3 2007  ]  [EM]

    10/3/07   Pre-Argument Conference Notice and Order
              from Vidya Kurella, Scheduled For: 10/18/07
              @ 3:00pm, Filed.  [Entry date Oct  9 2007
              ]  [EM]

    10/3/07   Scheduling order #1 filed. Record on appeal
              due  11/1/2007. Appellants brief due
              11/8/2007. Appellees brief due  12/10/2007.
              Ready week  1/21/2008.  [Entry date Oct  9
              2007  ]  [EM]

   10/15/07   Amended Pre-Argument Conference Notice and
              Order from Vidya Kurella, Re-Scheduled For:
              10/24/07 @ 11:30am, Filed.
                 [Entry date Oct 15 2007  ]  [EM]

   10/15/07   Notice to counsel re: amended notice of
              pre-argument conference.   [Entry date Oct

15 2007 ]  [EM]

10/17/07   Appellant   Centauri Shipping Ltd. motion
            for stay pending appeal filed with proof of
            service.   [Entry date Oct 17 2007  ]  [AM]

10/26/07   Notice of appeal acknowledgment letter from
            Kirk Lyons received.   [Entry date Oct 26
            2007  ]  [KR]

10/26/07   The CAPTION PAGE for this appeal has been
            AMENDED as per Kirk M. Lyons aknowlegment
            letter.   [Entry date Oct 26 2007  ]  [KR]

Docket as of   January 20, 2010   1:33 am          Page   5

O                                           INDIV

                                            CLOSED

10/29/07   Appellee  Western Bulk Carriers KS,
            memorandum of law in opposition to motion
            for  stay filed with proof of service.
            [Entry date Nov 7 2007  ]  [AM]

11/2/07    Order filed stating a pre-argument
            conference having been held herein and the
            court having been advised as to the progress
            of the appeal, including a motion for a stay
            of the District Court vacatur order pending
            appeal. IT IS HEREBY ORDERED that the
            scheduling order be and it hereby is VACATED
            pending the Court's disposition of the
            motion for a stay of the District Court
            vacatur order. IT IS FURTHER ORDRED that
            counsel for the appellant shall notify the
            Office of Staff Counsel by letter within 15
            days of entry on the docket of any order by
            this court adjudicating the pending motion.
            (VK)   [Entry date Nov 5 2007  ]  [AM]

11/5/07    Notice to counsel in re: Order filed 11/2/07.
                [Entry date Nov 5 2007  ]  [AM]

1/16/08    Notice to counsel re:Motion for stay of
            execution of judgment on the substantive
            motions calendar for Tuesday, January 29,
            2008**ON SUBMISSION**.   [Entry date Jan 16
            2008  ]  [AV]

1/30/08    Notice to counsel in re: Motion order filed
            1/30/08.   [Entry date Jan 30 2008  ]  [KR]

1/30/08    Certified copy of the order,07-4193-cv
            issued to the district court, [informational
            only].   [Entry date Jan 30 2008  ]  [KR]

1/30/08    Order FILED GRANTING motion stay by
            Appellant  Centauri Shipping Ltd., endorsed
            on motion dated 10/17/2007. Upon due

consideration, it is hereby ORDERED that the
motion is GRANTED. Appellees request an
order requiring appellant to post a
supersedeas bond in the amount of the surety
bond. Upon due consideration, it is hereby
ORDERED that the request is DENIED without
prejudice to refiling after appellees first
request such relief from the district court.
Before: Hon. John M. Walker, Hon. Guido
Calabresi, Hon. Reena Raggi, Circuit Judges.
For the court by, Franklin Perez, Operations
Analyist.   [Entry date Jan 30 2008  ]  [KR]

2/8/08   Order filed stating: IT IS HEREBY ORDERED
that a stay is GRANTED pending hearing of
this motion by a three judge panel of this
court. Before: Hon. Peter W. Hall, Circuit
Judge. For the court by, Joy Fallek,
Administrative Attorney.   [Entry date Feb
8 2008  ]  [KR]

Docket as of   January 20, 2010  1:33 am          Page    6

☐                                                  INDIV

                                                   CLOSED

2/8/08   Notice to counsel in re: Motion order dated
2/8/08.  [Entry date Feb  8 2008  ]  [KR]

3/18/08   Transcript ( documents 8, 25,26,33) RECEIVED
in records room.   [Entry date Mar 18 2008
]  [YV]

4/18/08   Scheduling order #2 filed. Record on appeal
due  5/13/2008. Appellants brief due
5/20/2008. Appellees brief due  6/19/2008.
Ready week  8/4/2008. For the Court, by VK,
Associate Staff Counsel.   [Entry date Apr
18 2008  ]  [EM]

4/18/08   Notice to counsel re: scheduling order #2.
[Entry date Apr 18 2008  ]  [EM]

5/8/08   1st supplemental index in lieu of
supplemental record filed.   [Entry date May
9 2008  ]  [ML]

5/8/08   2nd Supplemental Index in lieu of Record on
Appeals Electronically Filed  (Original
documents  remain in the originating court).
[Entry date May  9 2008  ]  [ML]

5/8/08   Appellant   Centauri Shipping Ltd. motion
for one week extended time filed with proof
of service.   [Entry date May 13 2008  ]
[EM]

5/14/08   Notice to counsel in re: Order filed 5/14/08.
[Entry date May 14 2008  ]  [CI]

5/14/08   Order FILED GRANTING motion for extended
          time by Appellant  Centauri Shipping Ltd.,
          endorsed on motion dated 5/8/2008.
          Appellant's brief is due 5/27/08.
          Appellee's brief is due 6/27/08.  Ready week
          is 8/11/08.  (JP)   [Entry date May 14 2008
          ]  [CI]

5/27/08   Notice of Appearance Filed by Kirk Lyons on
          behalf of Centauri Shipping Ltd. (Orig in
          acco, copy to Calendar and Admissions Dept.).
          [Entry date May 28 2008  ]  [ML]

5/27/08   APPELLANT   Centauri Shipping Ltd.,  brief
          FILED with proof of service.  NOTE:
          Anti-Virus Certificate is at the end of the
          pdf.    [Entry date May 28 2008  ]  [ML]

5/27/08   APPELLANT   Centauri Shipping Ltd.,  joint
          appendix filed w/pfs.    [Entry date May 28
          2008  ]  [ML]

Docket as of   January 20, 2010   1:33 am          Page   7

□                                                  INDIV

                                                   CLOSED

6/26/08   Notice of Appearance Filed by   Kirk Lyons
          on behalf of Appellant, Centauri Shipping
          Ltd. (Orig in acco, copy to Calendar and
          Admissions Dept.).    [Entry date Jun 27
          2008  ]  [ML]

6/26/08   Letter dated 6/24/08 received from Kirk M.
          Lyons, Esq., in re: unavailable dates for
          oral argument during the week of August 10,
          2008.   [Entry date Jun 27 2008  ]  [ML]

6/26/08   APPELLEE   Western Bulk Carriers KS,  brief
          with exhibits filed with proof of service.
          [Entry date Jul  1 2008  ]  [ML]

7/1/08    Appellant   Centauri Shipping Ltd. motion
          for reply brief dealine extension filed with
          proof of service.   [Entry date Jul  3 2008
          ]  [ML]

7/2/08    Order FILED GRANTING motion for extended
          time to file reply brief by Appellant
          Centauri Shipping Ltd., endorsed on motion
          dated 7/1/2008.  "IT IS HEREBY ORDERD that
          the motion is GRANTED.  Appellant's reply
          brief is due 7/17/08."  For the Court: JP,
          Motions Staff Attorney.    [Entry date Jul
          3 2008  ]  [CI]

7/3/08    Notice to counsel in re: Order, filed 7/2/08.
          [Entry date Jul  3 2008  ]  [CI]

7/3/08    APPELLANT    Centauri Shipping Ltd.,  reply
          brief due 7/17/08.    [Entry date Jul  3
          2008  ]  [CI]

7/17/08   APPELLANT    Centauri Shipping Ltd.,  reply
          brief filed with proof of service.    [Entry
          date Jul 21 2008  ]  [CI]

7/23/08   Notice of Appearance Filed by   Patrick
          Lennon on behalf of Appellee Western Bulk
          Carriers KS, et al. (Orig in acco, copy to
          Calendar and Admissions Dept.).    [Entry
          date Jul 30 2008  ]  [ML]

7/23/08   Letter dated 7/23/08 received from Patrick F.
          Lennon, Esq., in re: unavailable dates for
          oral argument.    [Entry date Jul 30 2008  ]
          [ML]

9/18/08   Appellee   Renaissance Insurance Group Ltd.
          in 08-3142-cv motion to  consolidate appeal
          with 07-4193-cv for purposes of oral
          argument    [Entry date Sep 22 2008  ]  [AM]

9/22/08   APPELLEE    Western Bulk AS,   Western Bulk
          Carriers AS,   Western Bulk Carriers KS,
          28(J) letter dated 9/16/08 received from
          Patrick F. Lennon, Esq.    [Entry date Sep
          23 2008  ]  [ML]

Docket as of   January 20, 2010   1:33 am              Page   8

☐                                                INDIV

                                                 CLOSED

9/30/08   Ordered that the following appeals 08-3142
          and 07-4193 shall be heard in TANDEM. Per
          motion order dated 09/30/2008.    [Entry
          date Oct  1 2008  ]  [HT]

9/30/08   Order FILED that Appellee's counsel in this
          appeal shall forthwith serve the motion to
          consolidate upon both Appellant's and
          Appellee's counsel in 07-4193-cv. Counsel
          for appellant Centauri Shipping Ltd. is Kirk
          M.H. Lyons of Lyons& Flood LLP, 65 W. 36th
          St. , 7th Floor, New York, NY 10018. Counsel
          for Appellee Western Bulk Carriers is
          Patrick F. Lennon of Lennon, Murphy & Lennon
          LLC, 420 Lexington Avenue, Suite 300, New
          York, NY 10017.. Once Appellee's motion has
          been served on Attorney Lyons and Attorney
          Lennon, both Attorney Lyons and Attorney
          Lennon shall have ten days from the date of
          this order to file any opposition to the
          motion to consolidate. Appellant's counsel
          in this appeal, Attorney Tisdale, shall also
          have ten days to file any opposition.  It is

further ORDERED that court DENIES the
Appellee's motion to consolidate the appeals
for purposes of oral argument, but will
henceforth treat the motion as a request to
have this appeal and 07-4193-cv,heard in
tandem by the same panel. Before: PWH, CJ
(JP, Motions Staff Attorney) NO FURTHER
EXTENSIONS.   [Entry date Oct  1 2008  ]
[HT]

10/1/08   Notice to counsel in re: Tandem Order issued
          09/30/08.   [Entry date Oct  1 2008  ]   [HT]

10/10/08  Letter dated 10/10/08 received from Patrick
          F. Lennon, Esq., in re: no onjection to
          argue appeal case in tandum with docket no.
          08-3142.   [Entry date Oct 21 2008  ]   [ML]

1/26/09   Proposed for argument the week of 3/30/09
          [Entry date Jan 26 2009  ]   [CA]

2/4/09    Argument as early as week of 4/6/09   [Entry
          date Feb  4 2009  ]   [DC]

2/9/09    Order filed stating, "The issues presented
          in these appeals (07-4193 & 08-3142) have
          been raised in STX Pan Ocean (UK) Co. v.
          Glory Wealth Shipping, 08-6131, which is
          scheduled for oral argument on February 13,
          2009. Arguments in these cases will be held
          in abeyance pending a decision in 08-6131.
          Within  one week of a decision in that case,
          the parties will submit letter briefs of no
          more than five pages addressing wether and
          how the decision in 08-6131 affects their
          arguments on appeal." (FP)   [Entry date Feb

Docket as of   January 20, 2010   1:33 am           Page    9

☐                                                   INDIV

                                                    CLOSED

          9 2009  ]   [ML]

2/9/09    Notice to counsel in re: Order filed
          02/09/2009.   [Entry date Feb  9 2009  ]
          [ML]

2/9/09    STAY flag: per Order filed 02/09/2009.
          [Entry date Feb  9 2009  ]   [ML]

2/9/09    Certified copy of the order, 02/09/2009
          issued to the district court, [informational
          only].   [Entry date Feb  9 2009 ]   [ML]

2/18/09   Letter dated 02/11/2009 received from
          Patrick F. Lennon, Esq., in re: stay.
          [Entry date Feb 18 2009  ]   [ML]

3/26/09   APPELLANT   Centauri Shipping Ltd.,   LETTER
          BRIEF filed with proof of service.   [Entry
          date Mar 27 2009  ]  [ML]

3/27/09   APPELLEE   Western Bulk AS,  Western Bulk
          Carriers AS,   Western Bulk Carriers KS,
          LETTER BRIEF filed with proof of service.
          [Entry date Mar 30 2009  ]  [AG]

4/20/09   Case submitted before STRAUB, SOTOMAYOR,
          LIVINGSTON, C.JJ.  [Entry date Apr 20 2009
          ]  [AV]

4/20/09   Judgment filed; judgment of the district
          court is AFFIRMED by detailed order of the
          court without opinion filed.  (SS)
              [Entry date Apr 20 2009  ]  [AM]

4/20/09   Notice to counsel in re: Summary order filed
          4/20/09.  [Entry date Apr 20 2009  ]  [AM]

5/4/09    Appellant   Centauri Shipping Ltd. Petition
          for rehearing and petition for rehearing en
          banc filed with proof of service.   [Entry
          date May  5 2009  ]  [ML]

5/8/09    APPELLANT   Centauri Shipping Ltd.,  28(J)
          letter dated 05/08/2009 received from Kirk M.
          Lyons, Esq., bring to the Court's attention
          a decision in docket number 08-1679-cv.
          [Entry date May 11 2009  ]  [ML]

5/13/09   Letter dated 05/12/2009 received from
          Patrick F. Lennon, Esq., in response to
          Appellants Petition for Rehearing.  [Entry
          date May 13 2009  ]  [ML]

5/14/09   Letter dated 05/13/2009 received from Kirk M.
          Lyons, Esq., in re: response to Petition is
          not permitted, FRAP 35(e).  [Entry date May

Docket as of   January 20, 2010   1:33 am          Page   10

☐                                                  INDIV

                                                   CLOSED

          14 2009  ]  [ML]

6/18/09   APPELLEE   Western Bulk Carriers KS,
          itemized and verified bill of costs received,
          w/pfs. (pending motion)   [Entry date Jun
          18 2009  ]  [ML]

6/18/09   Appellee   Western Bulk Carriers KS, motion
          for leave to file bill of costs filed with
          proof of service.  [Entry date Jun 18 2009
          ]  [ML]

7/10/09   Notice to counsel in re: Order filed

07/10/2009.   [Entry date Jul 10 2009  ] [ML]

7/10/09   Order FILED DENYING Petition for rehearing by Appellant Centauri Shipping Ltd., endorsed on petition dated 6/18/2009, Order FILED DENYING petition for rehearing en banc by Appellant Centauri Shipping Ltd., endorsed on petition dated 6/18/2009. (FP) [Entry date Jul 10 2009  ] [ML]

7/17/09   Appellant Centauri Shipping Ltd. motion for time extension pursuant to FRAP 26(b) filed with proof of service.  [Entry date Jul 17 2009  ] [ML]

7/17/09   Appellant Centauri Shipping Ltd. motion for stay of the issuance of the mandate pursuant to FRAP 41(d)(2) filed with proof of service.  [Entry date Jul 20 2009  ] [ML]

7/31/09   Appellee Western Bulk Carriers KS, Appellee Western Bulk Carriers AS, Appellee Western Bulk AS, memorandum of law in opposition to motion for stay of issuance of mandate filed with proof of service.  [Entry date Aug 3 2009  ] [ML]

8/7/09   Appellant Centauri Shipping Ltd. reply memorandum of law in further support of motion for a stay of the issuance of the mandate pending the filing of a petition for a writ of certiorari with the supreme court filed with proof of service.  [Entry date Aug 10 2009  ] [ML]

8/10/09   Appellee Western Bulk Carriers KS, Appellee Western Bulk Carriers AS, Appellee Western Bulk AS, memorandum of law in opposition to motion for stay of issuance of mandate filed with proof of service.  [Entry date Aug 10 2009  ] [ML]

9/1/09   Letter dated 08/31/2009 received from Kirk M. Lyons, Esq., advising the Court that on 08/28/2009, Centauri filed a Petiton for Writ of Certiorari with the Supreme Court. [Entry date Sep 2 2009  ] [ML]

9/9/09   Notice of filing petition for APPELLANT Centauri Shipping Ltd., dated 09/02/09

Docket as of  January 20, 2010  1:33 am          Page  11

□                                                INDIV

                                                 CLOSED

          filed. Supreme Court #: 09-264.   [Entry

Case: 13-3131    Document: 5-5    Page: 49    08/20/2013    1021872    69

                         date Sep  9 2009  ]  [AG]

9/18/09     Notice to counsel in re:  Order filed
            9/18/2009 denying Appellants motion for
            extended time to move for a stay of the
            mandate.    [Entry date Sep 18 2009  ]  [DB]

9/18/09     Order FILED DENYING the motion for extended
            time to file motion to stay the issuance of
            the mandate by Appellant  Centauri Shipping
            Ltd., endorsed on motion dated 7/17/2009.
            "IT IS HEREBY ORDERED that the motion for an
            extension of time to move for a stay of the
            mandate is DENIED as moot in light of the
            Appellant having filed a motion to stay the
            mandate on July 17, 2009."  (For the Court:
            JP, Motions Staff Attorney.)   [Entry date
            Sep 18 2009  ]  [DB] .

10/19/09    APPELLEE    Western Bulk AS,   Western Bulk
            Carriers AS,   Western Bulk Carriers KS,
            itemized and verified bill of costs received,
            w/pfs.    [Entry date Oct 20 2009  ]  [ML]

10/19/09    Order FILED GRANTING motion for leave to
            file a bill of costs out of time by Appellee
            Western Bulk Carriers KS, Appellee  Western
            Bulk AS, Appellee  Western Bulk Carriers AS,
            endorsed on motion dated 7/17/2009. (before:
            DAL, CJ; by: JF)   [Entry date Oct 20 2009
            ]  [ML]

10/19/09    Order FILED DENYING motion for stay of the
            issuance of the mandate pursuant to FRAP
            41(d)(2) by Appellant  Centauri Shipping Ltd.
            , endorsed on motion dated 7/17/2009.
            (before: CJS, DAL, CJJ; by: JF)   [Entry
            date Oct 20 2009  ]  [ML]

10/20/09    Notice to counsel in re: Order filed
            10/19/2009.  [Entry date Oct 20 2009  ]
            [ML]

10/20/09    Notice to counsel in re: Order filed
            10/19/2009.  [Entry date Oct 20 2009  ]
            [ML]

10/20/09    Judgment MANDATE ISSUED. CLOSED    [Entry
            date Oct 20 2009  ]  [ML]

10/20/09    Notice to counsel in re: Mandate issued
            10/20/2009.  [Entry date Oct 20 2009  ]
            [ML]

10/30/09    Appellant   Centauri Shipping Ltd. motion
            for recall of the mandate - 2d Cir. R. 27(c)
            and stay of the mandate - FRAP 41(d)(2),
            filed with proof of service.  [Entry date
            Nov  2 2009  ]  [ML]

Docket as of    January 20, 2010    1:33 am                     Page  12

☐                                                              INDIV

                                                              CLOSED

11/18/09  APPELLEE    Western Bulk AS,    Western Bulk
          Carriers AS,    Western Bulk Carriers KS,
          statement of costs taxed in the amount of
          $580.00, filed. (JF)    [Entry date Nov 20
          2009  ]  [ML]

11/20/09  Certified copy of the order, 11/18/2009
          issued to the district court, [informational
          only].  [Entry date Nov 20 2009  ]  [ML]

11/24/09  Notice to counsel in re: Order filed
          11/24/2009.  [Entry date Nov 24 2009  ]
          [ML]

11/24/09  Order FILED DENYING motion to recall the
          mandate and to stay issuance of the mandate
          by Appellant  Centauri Shipping Ltd.,
          endorsed on motion dated 10/30/2009 (before:
          CJS, DAL, CJJ; by: JP)    [Entry date Nov 24
          2009  ]  [ML]

1/15/10   Letter dated 01/11/2010 from the Supreme
          Court advising of order DENIED petition for
          writ of certiorari by APPELLANT    Centauri
          Shipping Ltd., filed.  (Supreme Court #
          09-264)    [Entry date Jan 19 2010  ]  [ML]

1/15/10   Writ of Certiorari DENIED.  [Entry date Jan
          19 2010  ]  [ML]

Docket as of    January 20, 2010    1:33 am                     Page  13

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/03/2010 16:10:34 | | | |
| PACER Login: | hg0002 | Client Code: | 500177-03214/WG |
| Description: | dkt report | Case Number: | 07-4193 |
| Billable Pages: | 12 | Cost: | 0.96 |

**EXHIBIT 15**



# General Docket
## US Court of Appeals for the Second Circuit

Second  Circuit Court of
                    Appeals

                                                    INDIV

                                                    Expedited

Court of Appeals Docket #:        09-1987-cv
Nsuit :  3120        CONTRACT-Marine

Eitzen Bulk A/S v. Capex Industries A/S          Filed    5/8/09

Appeal      SDNY (NEW YORK CITY)
from:

Case type information:

      Civil

      Private

      None

Lower court information:

    District:      08-cv-9868

    Trial Judge:   Barbara S. Jones

    MagJudge:

    Date Filed:      11/14/08

      Date order/judgement:      4/29/2009

      Date NOA filed:  5/7/2009

Fee status: Paid

Panel Assignment:

Panel:  RSP   BDP   DAL    500 Pearl

Date of decision:

Prior cases:  NONE

Current cases NONE

Official Caption 1/
□                                          INDIV

                                                    Expedited

```
---------------------------------------
Docket No. [s] : 09-1987 -cv

Eitzen Bulk A/S,

        Plaintiff-Appellant,

   v.

Capex Industries A/S,

        Defendant-Appellee.

---------------------------------------


Authorized Abbreviated Caption 2/
---------------------------------------
Docket No. [s] : 09-1987 -cv

Eitzen Bulk A/S  v.  Capex Industries A/S
---------------------------------------



-----------------------------------------------------------
------------------
1/ Fed. R. App. P. Rule 12 [a] and 32 [a].
2/ For use on correspondence and motions only.

Docket as of    December 12, 2009  1:55 am            Page   2
O                                                     INDIV

                                                      Expedited

Eitzen Bulk A/S               Peter J. Gutowski Esq.

Plaintiff-Appellant           [ LD ret ]
                              Freehill, Hogan & Mahar

                              80 Pine St.
                              New York , NY , 10005

                              212-425-1900

Capex Industries A/S          Simon  Harter Esq.

Defendant-Appellee            [ LD ret ]
                              Law Offices of Simon Harter

                              304 Park Avenue South    11th
                              New York , NY , 10010

Docket as of   December 12, 2009  1:55 am            Page   3
O                                                     INDIV
```

Expedited

5/8/09    Copy of notice of appeal and district court
          docket entries on behalf of  APPELLANT
          Eitzen Bulk A/S,  filed.  [Entry date May
          11 2009 ]  [GW]

5/8/09    Index in lieu of Record on Appeals
          Electronically Filed  (Original documents
          remain in the originating court).
              [Entry date May 11 2009 ]  [GW]

5/11/09   Letter received from Appellants Counsel that
          the incorrect address was put on the motion
          for stay for the Counsel of the Appellee.
          Correct address given.  [Entry date May
          2009 ]  [GW]

5/11/09   Appellant   Eitzen Bulk A/S motion for stay
          of execution filed with proof of service.
          [Entry date May 11 2009 ]  [GW].

5/12/09   It is hereby Ordered that Appellant's motion
          for an interim stay while the motion for a
          stay of the District Court's orders vacating
          a maritime attachment bond posted in
          connection with Appellant's breach of
          charter claim against Appellee Capex
          industries is pending is GRANTED. The motion
          for stay will be submitted to a three judge
          motions panel on 06/02/09, subject to the
          approval of the presiding judge. Before RCW,
          CJ, for the court by JF, AA.  [Entry date
          May 12 2009 ]  [DB]

5/13/09   APPELLEE   Capex Industries A/S, Opposition
          to Motion for Stay  papers received. Note:
          waiting for hard copies to be received.
          [Entry date May 13 2009 ]  [GW]

5/18/09   APPELLANT   Eitzen Bulk A/S,  Form C filed,
          with proof of service.    [Entry date May 20
          2009 ] . [GW]

5/18/09   APPELLANT   Eitzen Bulk A/S,  Form D filed,
          with proof of service.  · [Entry date May 20
          2009 ]  [GW]

5/19/09   Notice to counsel:  Motion for stay of the
          district court's order vacating an
          attachment bond pending appeal on the
          substantive motions calendar for Tuesday,
          June 2, 2009**ON SUBMISSION**   [Entry date
          May 19 2009 ]  [DC]

5/22/09   Appellee  Capex Industries A/S, Memorandum
          in opposition to motion stay, filed with
          proof of service.   [Entry date May 22 2009
          ]  [JK]

Case: 13-3131    Document: 5-5    Page: 55    08/20/2013    1021872    69

Docket as of    December 12, 2009  1:55 am                    Page    4

.D                                                           INDIV

                                                            Expedited

5/26/09   ACKNOWLEDGMENT and  NOTICE OF APPEARANCE
          FORM from Atty  Peter Gutowski, on behalf of
          Eitzen Bulk A/S, FILED.  (Orig in acco, copy
          to Admissions Dept.).  [Entry date May 28
          2009  ]  [GW]

5/27/09   Pre-Argument Conference Notice and Order
          fromVidya Kurella, Scheduled For: Thursday
          June 11, 2009 at 3:00 pm, Filed.  [Entry
          date May 29 2009  ]  [GW]

5/27/09   Scheduling order #1 filed. Appellants brief
          due  7/2/2009. Appellees brief due  8/3/2009.
          Ready week 9/28/2009.  [Entry date May 29
          2009  ]  [GW]

5/28/09   Appellant  Eitzen Bulk A/S,  Reply
          Memorandum in support of the motion stay,
          stay filed with proof of service.  [Entry
          date Jun  2 2009  ]  [HT]

5/28/09   Gutowski's reply declaration in support of
          the motion stay, stay filed with proof of
          service.  [Entry date Jun 2 2009  ]  [HT]

6/1/09    The new case manager assigned to this case
          is: Toft, Hezekiah. [Entry date Jun  1
          2009  ]  [HT]

6/9/09    Notice to counsel in re: Order filed on
          motion 06/09/08.  [Entry date Jun  9 2009
          ]  [HT]

6/9/09    Certified copy of the order filed 06/09/09,
          issued to the district court, [informational
          only].  [Entry date Jun 9 2009  ]  [HT]

6/9/09    Appellant, thorugh counsel, moves for a stay
          of the district court's order vacating in
          part an order of maritime attachment. Upon
          due consideration, it is hereby ORDERED that
          the motion is GRANTED. See McCue v. City of
          New York (In re: World Trade Ctr. Disaster
          Site Litig.) 503 F. 3d 167, 170 (2nd Cir.
          2007). The Clerk's office shall issue an
          expedited briefing schedule, with argument
          to be scheduled (at the earliest) sometime
          after July 5, 2009. (DJ, Chief Judge, ALK,
          RDS, Circuit Judges. Endorsed by: RA.)
          [Entry date Jun  9 2009  ]  [HT]

6/10/09   EXPEDITED case flag set. See order filed
          6/10/09.  [Entry date Jun 10 2009  ]  [EM]

6/10/09  Order filed stating "IT IS HEREBY ORDERED
         that the expedited briefing schedule is as
         follows: Appellant's brief shall be filed on
         or before July 10, 2009. Appellee's brief
         shall be filed on or before August 10, 2009.

Docket as of    December 12, 2009  1:55 am              Page    5

□                                                      INDIV

                                                       Expedited

         A reply brief may be filed on or before
         August 17, 2009. Argument will be heard on
         the appeal during the week of September 8,
         2009, subject to the consent of the
         presiding judge." For the Court, by JF,
         Administrative Attorney.    [Entry date Jun
         10 2009  ]  [EM]

6/10/09  Notice to counsel re: order filed 6/10/09.
         [Entry date Jun 10 2009  ]  [EM]

6/10/09  APPELLANT   Eitzen Bulk A/S,  reply brief
         due 8/17/09. See order filed 6/10/09.
         [Entry date Jun 10 2009  ]  [EM]

7/7/09   Proposed for argument the week of 9/08/09
         [Entry date Jul  7 2009  ]  [CA]

7/10/09  APPELLANT   Eitzen Bulk A/S,  brief with
         special appendix FILED with proof of service.
         [Entry date Jul 14 2009  ]  [CI]

7/10/09  APPELLANT   Eitzen Bulk A/S,  joint
         appendix filed w/pfs.    [Entry date Jul 14
         2009  ]  [CI]

8/3/09   Set for argument on 9/8/09 at 10am   [Entry
         date Aug  3 2009  ]  [DC]

8/6/09   Calendar argument notice mailed to
         attorneys/parties.    [Entry date Aug  6 2009
         ]  [AG]

8/10/09  APPELLEE   Capex Industries A/S,  brief
         filed with proof of service.    [Entry date
         Aug 10 2009  ]  [HT]

8/13/09  REVISED Set for argument on 9/9/09 at 2pm
         [Entry date Aug 13 2009  ]  [DC]

8/13/09  Revised: Moved from 9/8/09 10am to 9/9/09 2
         pm. Calendar argument notice mailed to
         attorneys/parties.    [Entry date Aug 13 2009
         ]  [AG]

8/14/09  Appellant   Eitzen Bulk A/S motion for
         extended time to file a reply brief, filed
         with proof of service.    [Entry date Aug 14

```
                2009  ]  [HT]

  8/17/09  Notice to counsel:  Order, dated 8/17/09.
           (notified via phone & mail)   [Entry date
           Aug 17 2009  ]  [DC]

Docket as of   December 12, 2009  1:55 am         Page   6

  □                                              INDIV

                                                 Expedited

  8/17/09  Order FILED GRANTING motion for time
           extension to file reply brief by Appellant
           Eitzen Bulk A/S.  [Entry date Aug 17 2009
           ]  [DC]

  8/21/09  APPELLANT    Eitzen Bulk A/S,  reply brief
           filed with proof of service.   [Entry date
           Aug 24 2009  ]  [HT]

   9/9/09  Case heard before HON. POOLER, PARKER,
           LIVINSTON, C.JJ.  [Entry date Sep  9 2009
           ]  [DC]

 11/10/09  APPELLEE    Capex Industries A/S, 28(J)
           letter received.  [Entry date Nov 12 2009
           ]  [HT]

 11/12/09  APPELLEE    Capex Industries A/S, 28(J)
           letter received.   [Entry date Nov 13 2009
           ]  [HT]

 11/13/09  Letter dated 11/13/09 received from Peter J.
           Gutowski, Esq., on behalf of Appellant
           Eitzen Bulk, in re: Appellee's 28(j) letters
           of 11/09/09, and 11/11/09.   [Entry date Nov
           13 2009  ]  [HT]

 11/17/09  APPELLEE    Capex Industries A/S, 28(J)
           letter received.   [Entry date Nov 17 2009
           ]  [HT]

 11/23/09  Letter dated 11/19/09 received from Peter J.
           Gutowski, Esq., on behalf of Appellant
           Eitzen Bulk A/S in re: Appellee's 28(j)
           letter.   [Entry date Nov 23 2009  ]  [HT]

 11/25/09  APPELLEE    Capex Industries A/S, 28(J)
           letter received.   [Entry date Nov 25 2009
           ]  [HT]

 12/10/09  APPELLEE    Capex Industries A/S, 28(J)
           letter dated 12/09/09, received.  [Entry
           date Dec 10 2009  ]  [HT]

 12/10/09  APPELLANT    Eitzen Bulk A/S, 28(J) letter
           dated 12/10/09, received.  [Entry date Dec
           11 2009  ]  [HT]
```

Case: 13-3131   Document: 5-5   Page: 58   08/20/2013   1021872   69

Docket as of    December 12, 2009  1:55 am          Page   7

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/03/2010 16:28:55 | | | |
| PACER Login: | hg0002 | Client Code: | 500177-03214/WG |
| Description: | dkt report | Case Number: | 09-1987 |
| Billable Pages: | 6 | Cost: | 0.48 |

# EXHIBIT 16

*SDNY(NYC)*
*09-CV-1876*

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007    Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

|  |  |
|---|---|
| Docket Number(s): **10 - 12 - CV** | Caption [use short title] |
|  | **TRANSATLANTIC MARITIME SA** |
| Motion for: Stay of Order Pending Appeal | **v.** |
| Set forth below precise, complete statement of relief sought: | **HERACLES GENERAL CEMENT CO SA** |
| Appellant seeks a stay of execution of an order vacating the maritime attachment pending the | USDC SDNY |
| appeal of the Vacatur Order dated December 16, 2009, which vacated the attachment. | DOCUMENT |
|  | ELECTRONICALLY FILED |
|  | DOC #: _____ |
|  | DATE FILED: 12 JAN 2010 |

| MOVING PARTY: TRANSATLANTIC MARITIME SA | OPPOSING PARTY: HERACLES GENERAL CEMENT CO SA |
|---|---|
| ☑ Plaintiff    ☐ Defendant |  |
| ☑ Appellant/Petitioner    ☐ Appellee/Respondent |  |

| MOVING ATTORNEY: Owen F. Duffy | OPPOSING ATTORNEY [Name]: Jeremy J.O. Harwood |
|---|---|
| [name of attorney, with firm, address, phone number and e-mail] | [name of attorney, with firm, address, phone number and e-mail] |
| Owen F. Duffy | Jeremy J.O. Harwood |
| Chalos, O'Connor & Duffy, LLP | 405 Lexington Ave. |
| 366 Main Street, Port Washington, New York 11050 | New York, NY 10174-0208 |
| (516) 767-3600 | (212)885-5149 |
| oconnor@codus-law.com | jharwood@blankrome.com |

Court-Judge/Agency appealed from: Southern District of New York - Hon. Laura T. Swain

Please check appropriate boxes:

| | | | FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL: |
|---|---|---|---|
| Has consent of opposing counsel: | | | Has request for relief been made below?    ☑ Yes    ☐ No |
| A.  been sought? | ☑ Yes | ☐ No | |
| B.  been obtained? | ☐ Yes | ☑ No | Has this relief been previously sought in this Court?    ☐ Yes |
| Is oral argument requested? | ☐ Yes | ☑ No | |
| (requests for oral argument will not necessarily be granted) | | | Requested return date and explanation of emergency: |
| Has argument date of appeal been set? | ☐ Yes | ☑ No | |
| If yes, enter date _____ | | | |
| | | | Transatlantic respectfully requests a decision by 5:00 p.m. on 01/11/010, as the District Court stay ends that date. |

Signature of Moving Attorney:
_____    Date: 01/06/2020

Has service been effected?    ☐ Yes    ☑ No
[Attach proof of service]    serv. etc. all mailing via

### ORDER

Before: Robert A. Katzmann, *Circuit Judge*

IT IS HEREBY ORDERED that the motion for stay pending appeal is referred to a three-judge motions panel. An interim stay is granted until the motion is determined by the motions panel:

**JAN 0 8 2010**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
by _____
Judy Pishanont, Motions Staff Attorney

Certified:
**JAN 0 8 2010**

*A TRUE COPY Catherine O'Hagan Wolfe, Clerk, DEPUTY CLERK*

*UNITED STATES COURT OF APPEALS FILED JAN - 8 2010 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT*

**EXHIBIT 17**

08 CV 9010
(DLC)

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): 10-0249-cv (not yet assigned)    Caption [use short title]

Motion for: Emergency Stay of Release of Funds Held in the Registry of the Court

Set forth below precise, complete statement of relief sought:

Emergency Motion pursuant to Fed. R. App. P. 8(a)(2) for a continuation of the temporary

stay (effective through January 12, 2010) pending appeal of the execution of the District Court's

Order dated and entered on December 21, 2009, vacating the attachment of certain funds

held in Court Registry and directing release of funds to Defendant's attorneys

SOLOMON SEA ENTERPRISE S.A.,
-v-
HUDSON SHIPPING LINES, INC.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 6 JAN 2010
```

MOVING PARTY: SOLOMON SEA ENTERPRISE S.A.
[✓] Plaintiff    [ ] Defendant
[✓] Appellant/Petitioner    [ ] Appellee/Respondent

OPPOSING PARTY: HUDSON SHIPPING LINES, INC.

MOVING ATTORNEY: MICHAEL E. UNGER, ESQ.
OPPOSING ATTORNEY: SIMON HARTER, ESQ.
[name of attorney, with firm, address, phone number and e-mail]

FREEHILL HOGAN & MAHAR LLP
80 Pine Street, New York, NY 10005,
Tel.: (212) 425-1900 / Fax: (212) 425-1901
unger@freehill.com

LAW OFFICES OF SIMON HARTER, ESQ
304 Park Avenue, 11th Floor, New York, NY 10010
Tel.: (212) 979-2050 / Fax: (212) 979-0251
sharter@harterlaw.com

Court-Judge/Agency appealed from: District Court for the Southern District of New York (Cote, J.)

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [ ] No (explain): _____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?    [✓] Yes [ ] No
Has this relief been previously sought in this Court?    [ ] Yes [✓] No
Requested return date and explanation of emergency: January 12, 2010; District Courts

Opposing counsel's position on motion:
[ ] Unopposed [✓] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

temporary stay of the release of funds held in the Court Registry will expire on January 12, 2010

which the District Court refused to extend pending appeal by its Order dated January 8, 2010

Is oral argument on motion requested?    [✓] Yes [ ] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [ ] Yes [✓] No  If yes, enter date: _____

Signature of Moving Attorney:
_[signature]_    Date: January 11, 2010    Has service been effected? [✓] Yes [ ] No (Attach proof of service)

## ORDER

Before: Peter H. Hall, *Circuit Judge*

IT IS HEREBY ORDERED that the motion by Appellant Solomon Sea Enterprise S.A. for a stay pending appeal of the December 21, 2009 order of the Honorable Denise Cote in the District Court for the Southern District of New York, docket no. 08-cv-9010, directing vacatur of the attachment of certain funds held in Court registry and directing immediate release by check of the funds will be determined by a motions panel in due course. The December 21, 2009 order is stayed temporarily pending decision on the motion by the panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
by
_[signature] Joy Fallek_
Joy Fallek, Administrative Attorney

Certified: 1/12/10 _[initials]_

_[stamp: JAN 12 2010 Date, SECOND CIRCUIT]_

_[stamp: A TRUE COPY / O'Hagan Wolfe, Clerk / DEPUTY CLERK]_

# EXHIBIT 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCANSCOT SHIPPING SERVICES
(DEUTSCHLAND) GMBH,

                                    Plaintiff,

          - against -

METALES TRACOMEX LTDA,

                                    Defendant.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-09
```

08 Civ. 7505 (PGG)

<u>ORDER</u>

PAUL G. GARDEPHE, U.S.D.J.:

          On December 9, 2009, this Court entered an order vacating the order of

attachment issued in this case pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty Maritime Claims of the Federal Rules of Civil Procedure and dismissing

the action without prejudice in light of the Second Circuit's decision in <u>Shipping Corp. of</u>

<u>India v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58 (2d Cir. 2009). On December 21, 2009,

Plaintiff filed a motion for a stay preventing the release of the previously attached funds

pending appeal of the December 9 Order. On December 23, 2009, Plaintiff filed a notice of

appeal of the December 9 Order.

          The Second Circuit has stated that four factors should be weighed in deciding a

motion for a stay pending appeal under Fed. R. Civ. Pro. 62(c): "(1) whether the movant will

suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a

stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although

less than a likelihood, of success' on appeal, and (4) the public interests that may be affected."

<u>Hirschfeld v. Board of Elections</u>, 984 F.2d 35, 39 (2d Cir.1993) (citing <u>Dubose v. Pierce</u>, 761

F.2d 913, 920 (2d Cir. 1985)). See also Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006); Gordon v. United States, 58 F.3d 855, 856 (2d Cir. 1995).

Courts treat these factors "somewhat like a sliding scale." Thapa, 460 F.3d at 334. "[T]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." Id. (quoting Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002); see also United States v. Visa U.S.A., Inc., No. 98-cv-7076, 2007 WL 2274866 (S.D.N.Y. Aug. 7, 2007). Moreover, "[i]ssuance of a stay pending appeal is discretionary and equitable. . . ." Hayes v. City Univ. of New York, 503 F. Supp. 946, 962 (S.D.N.Y. 1980).

As to the first factor – whether the Plaintiff here will suffer irreparable injury – the record is not clear. Plaintiff alleges that if the funds are released, it may be unable to collect any eventual award it obtains in the underlying arbitration. In support of this allegation, Plaintiff contends only that "Defendant is a maritime company with little to no connection to this forum, and will certainly take steps to ensure that its property is immune from execution. . . ." (Pltf. Br. 9-10) Defendant, however, has done little to counter this claim beyond asserting that it is "a well established international dealer in scrap metal with fixed business locations easily identifiable to Plaintiff." (Def. Br. 3) The Second Circuit has granted stays in maritime cases similar to the instant action where the loss of provisional security is the alleged irreparable harm. See, e.g., Eitzen Bulk A/S v. Capex Indus., No. 09-1987-cv (2d Cir. June 9, 2009); Centauri Shipping Ltd. v. Western Bulk Carriers KS, No. 07-4193-cv (2d Cir. Jan. 30, 2008).

The second factor to be considered in deciding a motion for a stay pending appeal is whether a party will suffer substantial injury if a stay is issued. Defendant claims

2

that it will be damaged by the granting of a stay because the funds at issue have "been wrongfully attached for more than a year now." (Def. Br. 3)  This Court has clearly held that the funds were wrongly attached in light of the Second Circuit's decision in Shipping Corp. of India. (Dec. 9, 2009 Order)  However, the harm Defendants claim – the validity, or lack thereof, of the attachment – is precisely what is at issue on appeal.  Defendants allege no independent source of harm that would result from a stay.  In light of the fact that the funds in this case have been attached since September 2008, it is not clear what additional harm would result from the granting of Plaintiff's request for a stay.

        The third factor that should be weighed in deciding a motion for a stay pending appeal is whether there is a substantial possibility of success on appeal.  Plaintiff argues that application of Shipping Corp. of India and Hawknet Ltd. v. Overseas Shipping Agencies,[1] No. 09-2128-cv, 2009 WL 3790654 (2d Cir. Nov. 13, 2009), to this case is inappropriate.  (Pltf. Br. 4-7)  This Court rejected the Plaintiff's position in ordering that the case be dismissed.  As outlined in the December 9 Order, this case falls squarely within the holding of Shipping Corp. of India; the funds attached took the form of Electronic Fund Transfers being processed by an intermediary bank, which the Second Circuit has held "are not subject to attachment under Rule B." Shipping Corp. of India, 585 F.3d at 72.  However, the issues raised by Plaintiff in its opposition to dismissal of the action, which will be renewed on appeal, are no less substantive than those raised in other cases in which the Court has granted a stay – including Centauri, No. 07-4193-cv (January 30, 2008).

---

[1] In Hawknet, the Second Circuit held that Shipping Corp. of India applies retroactively because it is a "jurisdictional ruling" and "by definition, a jurisdictional ruling may never be made prospective only." 2009 WL 3790654, at *2.

3

As to the last factor to be considered in deciding a motion for a stay pending appeal, neither side has made a convincing case that the public interest supports their position.

In addition to considering these four factors, this Court has also taken note of the recent trend in the Second Circuit with respect to stays in connection with appeals of vacatur orders. The Second Circuit has repeatedly granted stays in this context, and has overruled district courts in the process. Centauri, No. 07 Civ. 4193, (2d Cir. January 30, 2008); see also Eitzen Bulk A/S, No. 09-1987-cv (2d Cir. June 9, 2009); Shipping Corp. of India Lt. v. Jaldhi Overseas Pte Ltd., No. 08-3477-cv (2d Cir. Oct. 15, 2008); Carolina Shipping Ltd. v. Renaissance Ins. Group Ltd., No. 08- 4711-cv, 2009 WL 256001 (S.D.N.Y. Sept. 10, 2008).

Therefore, IT IS HEREBY ORDERED that the motion for a stay pending appeal is GRANTED.

Dated: New York, New York
     December 23, 2009

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

4

# EXHIBIT 19

08 CV 2028
(RMB)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse at Foley Square 40 Centre Street, New York, NY 10007 Telephone: 2[...]

## MOTION INFORMATION STATEMENT

DEC 11 2009

Docket Number(s): 09-5068-cv

Motion for: Stay
Set forth below precise, complete statement of relief sought:

_____
_____
_____
_____

Caption [use short title]
Goodearth Maritime Ltd. v. Glo[...]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 17 2009

MOVING PARTY: Baja Ferries USA L.L.C.
☐ Plaintiff          ☐ Defendant
☒ Appellant/Petitioner   ☐ Appellee/Respondent

OPPOSING PARTY: Fenby Company Limited

MOVING ATTORNEY: James P. Rau
[name of attorney, with firm, address, phone number and e-mail]
James P. Rau
Cardillo & Corbett
29 Broadway
New York, New York 10006
212-344-0464 -- jrau@cardillocorbett.com

OPPOSING ATTORNEY: Garth S. Wolfson
[name of attorney, with firm, address, phone number and e-mail]
Garth S. Wolfson
Mahoney & Keane LLP
11 Hanover Square
New York, New York 10005
212-385-1422 – gwolfson@mahoneykeane.com

Court-Judge/Agency appealed from: SDNY – Judge Richard M. Berman

Please check appropriate boxes:

Has consent of opposing counsel:

A. been sought?                    ☐ Yes ☒ No
B. been obtained?                  ☐ Yes ☐ No

Is oral argument requested?        ☐ Yes ☒ No
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☒ No
If yes, enter date: _____

Signature of Moving Attorney:

Date: 12/11/2009

FOR EMERGENCY MOTIONS, MOTIONS FOR
STAYS AND INJUNCTIONS PENDING APPEAL
Has request for relief been made below?   ☒ Yes ☐ No

Has this relief been previously sought
in this Court?                            ☐ Yes ☒ No

Requested return date and explanation of emergency:

_____
_____

Has service been effected?                ☒ Yes ☐ No
[Attach proof of service]

## ORDER

Before: José A. Cabranes, *Circuit Judge*

IT IS HEREBY ORDERED that the Emergency motion by Appellant Baja Ferries USA L.L.C. for a stay
of the December 7, 2009 order of the District Court for the Southern District of New York directing that
the release from a maritime attachment of an electronics funds be transferred to Appellee Fenby Co, Ltd.
rather than Appellant Baja is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
by
Joy Fallek, Administrative Attorney   Certified:

12/16/09

STATES COURT
FILED
DEC 16 2009
Date
SECOND CIRCUIT